UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MISCHA KNIGHT CLAIBORNE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No.: 3:23-CV-237-TAV-JEM |
| WARDEN CHANCE LEEDS, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

Before the Court are (1) Petitioner Mischa Knight Claiborne's pro se federal habeas petition filed pursuant to 28 U.S.C. § 2254, in which he challenges the constitutionality of his confinement under judgments of conviction for sexually based offenses against minor victims [Doc. 2] and (2) Respondent's motion to dismiss the petition [Doc. 8]. Petitioner failed to respond to the motion to dismiss, and the deadline to do so has passed [*See* Doc. 6, p. 1]. Having considered the submissions of the parties, the state-court record, and the law applicable to Petitioner's claims, Respondent's motion [Doc. 8] will be **GRANTED**, the petition [Doc. 2] will be **DENIED**, and this action will be **DISMISSED**.[1]

## I. BACKGROUND

Petitioner was indicted by a Scott County grand jury for sex crimes against minor victims [Doc. 7-1, pp. 3–8]. On April 19, 2021, Petitioner pleaded guilty to four counts of attempted aggravated sexual battery, one count of solicitation of a minor to commit

---

[1] The Court finds it unnecessary to hold an evidentiary hearing in this case. *See* Rule 8(a) of Rules Governing Section 2254 Cases in the United States District Courts; *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

aggravated sexual battery, nine counts of sexual battery, and one count of rape [*Id.* at 23]. *See also State v. Claiborne*, No. E2021-00974-CCA-R3-CD, 2022 WL 2359781, at *1 (Tenn. Crim. App. June 30, 2022) (no perm. app. filed). Petitioner's plea agreement provided, among other things, that "the total effective sentence will be no less than eight (8) years nor more than fifteen (15) years[,]" that the judge retained discretion to order Petitioner's sentences served consecutively or concurrently, and that Petitioner would not be placed on judicial diversion [*Id.*].

While the transcript of Petitioner's guilty plea is not in the record, Petitioner's Psychosexual Risk Assessment contains the following facts underlying the charges:

> According to the report from the DCS Child Abuse Hotline, the report indic[a]ted [Petitioner] would have the younger boys pull their pants down so he could perform a check on them for his college class. The report stated [Petitioner] would fondle the victims' penises. According to the report, [Petitioner] also digitally penetrated one of the victim's anal area to "perform a check" [*Id.* at 62].

Following a sentencing hearing on July 30, 2021, Petitioner was sentenced to a total effective sentence of fifteen years in the Tennessee Department of Correction [*Id.* at 87–94].

On direct appeal, Petitioner argued that the trial court abused its discretion by misapplying certain enhancement factors, failing to consider certain mitigating factors, and departing from the relevant statutory considerations in denying probation. *Claiborne*, 2022 WL 2359781, at *3. The appellate court affirmed the judgment of the trial court. *Id.* at *6. Petitioner did not seek discretionary review before the Tennessee Supreme Court, nor did he seek post-conviction relief following the conclusion of his direct appeal.

2

On June 30, 2023, Petitioner filed his federal habeas petition [Doc. 2].[2] The Court ordered Respondent to file a response to the petition [Doc. 6], and Respondent complied by filing the state-court record [Doc. 7] and a motion to dismiss [Doc. 8]. Petitioner failed to timely respond to the motion to dismiss [Doc. 6]. This matter is ripe for review.

II.     **LEGAL STANDARD**

The Court's review of the instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). When evaluating the evidence presented in state court, a federal habeas court presumes the correctness of the state court's factual findings unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Federal habeas review is also limited by the doctrine of procedural default. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding prisoner's procedural default forfeits his federal habeas claim). A procedural default exists in two circumstances:

---

[2] A prisoner's petition is deemed "filed" when it is submitted to prison officials for mailing. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (holding federal habeas application is deemed filed when handed to prison authorities for mailing). Under Sixth Circuit precedent, the date Petitioner signed the document is typically deemed the date of handing it to the prison authorities for mailing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Petitioner signed the affidavit in his federal habeas petition on June 30, 2023, [Doc. 2, p. 23], and the Court thus considers it filed on that date.

3

(1) where the petitioner fails to exhaust all of his available state remedies, and the state court to which he would be required to litigate the matter would now find the claims procedurally barred, and (2) where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that rule provides an independent and adequate basis for the dismissal. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 729, 731–32, 735 n.1 (1991).

Exhaustion requires a petitioner to have "fairly presented" each federal claim to all levels of the state appellate system to ensure that states have a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citing *Justices v. Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03 (1984)). In Tennessee, presentation of the claim to the Tennessee Court of Criminal Appeals ("TCCA") satisfies this requirement. Tenn. S. Ct. R. 39. But if a prisoner never presented a claim to the TCCA and a state procedural rule now bars presentation of the claim, because, for example, it is barred by Tennessee's one-year statute of limitation on post-conviction actions, that claim is technically exhausted but procedurally defaulted. *Gray v. Netherland*, 518 U.S. 2074, 2080 (1996); *Coleman*, 501 U.S. at 731–32, 750; *Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted"); *see also* Tenn. Code Ann. § 40-30-102(a) (one-year limitation period).

In some circumstances, a procedural default may be circumvented to allow federal habeas review of a claim. But that is appropriate only where the prisoner can show cause

for the default and actual resulting prejudice, or that a failure to address the merits of the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749–50; *see also Wainwright v. Sykes*, 433 U.S. 72, 87, 90–91 (1977).

## III. ANALYSIS

### A. Sentencing Errors by Trial Court

Petitioner argues that the trial court (1) "misapplied enhancement factors" and (2) provided "unsupported reasons for incarceration [Doc. 2, pp. 5–6]. To support these claims, Petitioner states the TCCA "determined that the trial court erred in applying two of the three enhancement factors used to support the court[']s determined and ordered sentence" [*Id*. at 5] and "reasons found by the Court of Criminal Appeals to uphold sentence ordered by the trial court were not supported by the facts or recommendations found in the presentence report or risk and needs assessments but were actually contradicted by these documents" [*Id*. at 6].

Petitioner presented these allegations of sentencing error on direct appeal. *Claiborne*, 2022 WL 2359781, at *3–5. The TCCA held that "the sentences imposed were within the statutory range and consistent with the purposes and principles of sentencing" despite the "errors in its determinations regarding the application of enhancement factors[.]" *Id*. at *4. As to the point of incarceration versus probation, the TCCA held that "the record supports the trial court's denial of alternative sentencing" and set forth the support in the record for that finding. *Id*. at *5.

In his federal habeas petition, Petitioner claims that the trial court improperly applied Tennessee law in sentencing him. But a federal district court may entertain a

5

petition for a writ of habeas corpus under § 2254 "only on the ground that he is in custody by violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). That is, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995) ("Errors of state law alone cannot form the basis of relief under federal *habeas corpus*."). And the length of a sentence within the statutory maximum is a state-law matter not cognizable in federal habeas proceedings. *Hutto v. Davis*, 454 U.S. 370, 373–74 (1982); *Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir. 2000).

Here, Petitioner's sentences were within the statutory range for his offenses, and the state courts reasonably determined that incarceration was warranted given, for example, Petitioner's "abuse of his position of trust against victims he befriended through church" and his lack of candor about the offenses. *Claiborne*, 2022 WL 2359781, at *4–6. Additionally, as Petitioner raised these issues on direct appeal solely based on Tennessee law, he has procedurally defaulted any implied federal claim. *See, e.g., Davis v. Jenkins*, 79 F.4th 623, 635 (6th Cir. 2023) (holding that fair presentation of a constitutional claim requires the petitioner to present the state courts with a claim substantially equivalent to the federal claim) (citations omitted). Accordingly, these claims are non-cognizable and otherwise procedurally defaulted.

### B. Prosecutorial Misconduct

Petitioner maintains that the prosecutor "mischaracterized facts and stated false information to the trial court which was contrary to facts and circumstances of the case provided in the pre-sentence report and risk and needs assessment[,] which contained Dr.

6

Michael Adler's recommendations based on my psychosexual evaluation" [Doc. 2, p. 8]. Petitioner admits he did not raise this issue on appeal [*Id*.].

This claim is procedurally defaulted due to Petitioner's failure to exhaust his state-court remedies when they remained available to him. *See Coleman,* 501 U.S. at 731–32; Tenn. Code Ann. § 40-30-102(a) (providing petitioner with one-year period following finality of judgments of conviction to seek post-conviction relief). Petitioner does not argue cause and prejudice for the default but does state that "[c]ounsel failed to recognize issues concerning prosecutorial misconduct to pursue these [claims] in a higher court" [Doc. 2, p. 8]. But to the extent Petitioner attempts to argue appellate counsel's ineffectiveness as cause, that independent federal constitutional claim is likewise unexhausted and, therefore, procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000) (holding "ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim" that must be exhausted). Moreover, Petitioner has failed to demonstrate prejudice as a result of the default, as he has not shown that the alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Therefore, this claim is procedurally defaulted and otherwise fails to warrant federal habeas relief.

C.  **Judicial Misconduct**

Petitioner next argues that the trial court's references "to a church" and a "group of people not associated with this case" having an opinion as to how courts should handle "these issues" was "an external influence on an election year" [Doc. 2, p. 10.]. But

7

Petitioner never raised a judicial misconduct claim in state court [*Id.*]. And he has no avenue by which to do so now. *See* Tenn. Code Ann. § 40-30-102(a) (one-year limitation period); *see also Dean v. State*, E1998-00135-CCA-R3-PC, 2000 WL 337552, at *2 (Tenn. Crim. App. Mar. 21, 2000), *perm app. denied* (Tenn. Nov. 13, 2000) (noting post-conviction petitions must show that claims have not been waived or previously determined, and that claims capable of presentation are waived if not presented for determination in a court where they could have been presented). Therefore, this claim is procedurally defaulted. *See, e.g., Coleman,* 501 U.S. at 731–32. And even if Petitioner's claim were not defaulted, it is not cognizable on federal habeas review, as it is rooted in state judicial rules of conduct rather than federal law [Doc. 2-1, pp. 9–10]. *See Estelle*, 502 U.S. at 67; *Murrill v. Warden, London Corr. Inst.*, No. 1:21-CV-592, 2022 WL 4357644, at *7 n.6 (S.D. Ohio Sept. 20, 2022). Accordingly, this claim is defaulted and otherwise non-cognizable on federal habeas review.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## V. CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss the petition [Doc. 8] will be **GRANTED**, the instant petition [Doc. 2] will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE